DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Scott Kearns, appeals his conviction out of the Wadsworth Municipal Court. This Court affirms.
 I. {¶ 2} Appellant was charged on July 26, 2005, with one count of operating a motor vehicle under the influence ("OVI") in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; one count of failure to maintain reasonable control in violation of R.C. 4511.202, a minor misdemeanor; and one count of failure to wear a seat belt in violation of R.C. 4513.263(B)(1), a minor misdemeanor. Appellant signed a waiver of his right to speedy trial on August 1, 2005.
 {¶ 3} On September 9, 2005, appellant filed a motion to suppress all evidence surrounding his arrest and a motion to dismiss. After a hearing, the trial court denied appellant's motions.
 {¶ 4} On November 2, 2005, appellant filed an untimely jury demand. The trial court subsequently scheduled the matter for jury trial.
 {¶ 5} Immediately prior to trial, appellant again raised two issues previously raised in his motion to suppress. Specifically, appellant orally raised an issue regarding the admissibility of the HGN results and a question concerning custodial interrogation. In the interest of justice, the trial court continued the trial and allowed the parties to further brief the issues. On January 30, 2006, the trial court issued a judgment entry in which it denied appellant's renewed motion to suppress/dismiss.
 {¶ 6} The matter finally proceeded to trial. At the conclusion of trial, the jury found appellant guilty of OVI. The trial court considered the remaining charges itself and found appellant guilty of failing to maintain reasonable control and not guilty of the seat belt violation. The trial court sentenced appellant accordingly. The trial court then granted appellant's motion for stay of sentencing pending this appeal. Appellant timely appeals, raising seven assignments of error for review. This Court consolidates some assignments of error and considers others out of order to facilitate review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY NOT SUPPRESSING THE CUSTODIAL STATEMENT OF THE DEFENDANTA-PPELLANT FROM THE INTERROGATION AT THE HOSPITAL."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED BY NOT SUPPRESSING THE RESULTS OF THE HORIZONTAL GAZE NYSTAGMUS (HGN) TEST AT THE HOSPITAL."
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED BY NOT SUPPRESSING THE EVIDENCE OF THE POLICE OFFICER AS TO THE PROBABLE CAUSE TO ISSUE CITATION FOR A WARRANTLESS ARREST FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL."
 {¶ 7} Appellant argues that the trial court erred by not suppressing certain evidence. This Court disagrees.
 {¶ 8} The trial court considered these issues at the initial suppression hearing. Further, the trial court stated in its judgment entry after the parties' secondary briefings that
"[c]oncerning [whether or not the Horizontal Gaze Nystagmus test are [sic] reliable], a full hearing was held at the suppression hearing concerning the Horizontal Gaze Nystagmus test. Defendant had full opportunity to present evidence and to argue their [sic] position. The Court, after that hearing made a finding that the Horizontal Gaze Nystagmus test was conducted within substantial compliance of the regulation and therefore were [sic] admissible at trial. * * * In this case, there has been no additional evidence that would demonstrate to this Court that its initial ruling was in error. Therefore, this Court still finds that the Horizontal Gaze Nystagmus test was done within substantial compliance and is reliable in this case."
 {¶ 9} In addition, the trial court relied on facts adduced at the initial suppression hearing in regard to its determination that there was no custodial interrogation.
 {¶ 10} Appellant has the duty to provide this reviewing Court with the portions of the record necessary to support his assignments of error. State v. Johnson, 9th Dist. No. 02CA008193, 2003-Ohio-6814, at ¶ 8; App.R. 9(B). Here, appellant failed to provide the transcript from the suppression hearing. Accordingly, this Court cannot properly review the trial court's decision. "When a defendant fails to provide a complete and proper transcript, a reviewing court will presume regularity of the proceedings in the trial court[,]" and affirm. Johnson at ¶ 9. Because appellant has failed to provide a transcript of the suppression hearing for review, this Court must presume the regularity of the trial court's proceedings and affirm. Appellant's first, third and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED BY NOT DISMISSING THE CHARGE OF DRIVING UNDER THE INFLUENCE BECAUSE THE OFFICER MADE NO OBSERVATION OF ANY IMPAIRMENT BY THE DRIVER AND LACKED PROBABLE CAUSE TO MAKE THE ARREST."
 ASSIGNMENT OF ERROR V
"THE TRIAL COURT ERRED IN ALLOWING POLICE OFFICER TO TESTIFY AS TO HIS CONCLUSIONS AND INTERPRETATIONS OF THE HGN TEST WHEN HE WAS NOT QUALIFIED AS AN EXPERT TO DO SO."
 ASSIGNMENT OF ERROR VII
"THE TRIAL COURT ERRED BY ALLOWING PART OF THE MEDICAL RECORD TO BE MARKED AS STATE'S EXHIBIT 2 AND READ INTO THE RECORD WHILE EXCLUDING THE REMAINING CONTENTS OF THE SAME EXHIBIT FROM BEING READ INTO THE RECORD."
 {¶ 11} Appellant argues that the trial court erred in regard to certain rulings at trial. Specifically, appellant argues that the trial court erred by not dismissing the OVI charge due to lack of evidence to support his impairment. Appellant further argues that the trial court erred by admitting certain evidence. This Court disagrees.
 {¶ 12} This Court previously stated:
"An appellate court's review is restricted to the record provided by the appellant to the court. App.R. 9. See, also, App.R. 12(A)(1)(b). In accordance with App.R. 9(B), the appellant assumes the duty to ensure that the portion of the record necessary for review on appeal is filed with the appellant court.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. This is the appellant's duty because the appellant has the burden on appeal to establish error in the trial court. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B)." State v. Komadina, 9th Dist. No. 02CA008104, 2003-Ohio-1800, at ¶ 25.
 {¶ 13} In this case, the record on appeal consists of the docket and journal entries from the trial court and a videotape of the January 31, 2006 trial. This Court finds, however, that the videotape is insufficient to satisfy appellant's burden of establishing error. See, Komadina at ¶ 26. App.R. 9(A) provides, in relevant part:
"A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 14} Appellant has failed to append typed or printed portions of the videotapes to his appellate brief. Although appellant typed purported portions of the trial testimony in his reply brief, he failed to certify the accuracy of such. In addition, this Court finds that the typed or printed portions of the videotape must be appended to the initial brief, so that the State might have an opportunity to respond appropriately. Accordingly, this Court finds that appellant has failed to comply with the mandates of App.R. 9. Without the portions of the trial, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp, 61 Ohio St.2d at 199. As appellant has failed to provide this Court with the necessary portions of the record for review of his assignments of error, this Court will presume the regularity of the trial court's proceedings. See, Komadina at ¶ 27. Appellant's second, fifth and seventh assignments of error are overruled.
 ASSIGNMENT OF ERROR VI
"THE TRIAL COURT ERRED BY NOT ALLOWING THE JURY TO DECIDE THE CHARGES OF FAILURE TO CONTROL (R.C. 4511.202) AND SEAT BELT OPERATOR (R.C. 4513.263B1)."
 {¶ 15} Appellant argues that the trial court erred by not allowing the jury to decide the two minor misdemeanor charges. This Court disagrees.
 {¶ 16} There is no right to a jury trial for a minor misdemeanor offense. R.C. 2945.17(B)(1); see, also, Twinsburg v.Corp. Sec., Inc. (Feb. 21, 1996), 9th Dist. No. 17265. Appellant's sixth assignment of error is overruled.
 III. {¶ 17} Appellant's assignments of error are overruled. Appellant's conviction out of the Wadsworth Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Moore, J. Boyle, J. concur.