DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Keith Ewing, appeals the decision of the Cuyahoga Falls Municipal Court, which found him guilty of driving under suspension. This Court affirms.
 I. {¶ 2} On April 16, 2006, appellant was cited for driving while under suspension in violation of Macedonia Codified Ordinance Section 335.07. Appellant entered a plea of not guilty and asked that the case be transferred to
Cuyahoga Falls Municipal Court. In addition, appellant signed a statement of *Page 2 
rights/waiver of rights which did not indicate that appellant was requesting a jury trial. The matter proceeded to a bench trial after which appellant was found guilty and sentenced accordingly. Appellant timely appealed his conviction, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"KEITH EWING'S CONVICTION FOR DRIVING UNDER SUSPENSION WAS AGAINST THE WEIGHT OF THE EVIDENCE AND IN VIOLATION OF [R.C.] 4510.04[.]
 {¶ 3} In his sole assignment of error, appellant argues that his conviction was against the manifest weight of the evidence. For the reasons set forth below, this Court does not reach the merits of this argument.
 {¶ 4} As an initial matter, this Court notes that the State failed to file an appellate brief in the matter before this Court. Although it is not inclined to do so in this matter, App. R. 18(C) authorizes this Court to accept appellant's statement of the facts and issues as presented in his brief as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain such action. SeeBank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2; see, also, App. R. 18(C).
 {¶ 5} In his assignment of error, appellant contends that his conviction for driving while under suspension was against the manifest weight of the evidence. *Page 3 
In determining whether a criminal conviction is against the manifest weight of the evidence:
 "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also State v. Otten (1986), 33 Ohio App.3d 339, 340.
Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a criminal context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.
 {¶ 6} Pursuant to App. R. 9(B), an appellant who wishes to assert that a finding or conclusion is unsupported by the evidence or against the manifest weight of the evidence shall include in the record "a transcript of all evidence relevant to the findings or conclusion." App. R. 9(B) further provides:
 "Unless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App. R. 9(C) or 9(D) will be submitted, and a statement of the assignments of error the appellant intends to present on the appeal." *Page 4 
 {¶ 7} In the present matter, only a partial transcript of appellant's bench trial was filed. In addition, appellant failed to include a statement pursuant to either App. R. 9(C) or 9(D) to supplement the partial transcript.
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 8} Thus, in the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409. Because the partial transcript does not contain all of the evidence relevant to appellant's assignment of error, this Court cannot conclude that the trial court's judgment was against the manifest weight of the evidence.
 {¶ 9} Appellant also asserts in his argument that he should have received a jury trial. This argument is without merit.
 "The guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right of a jury trial in such a case on a written demand therefore filed with the court a specified number of days before the date actually set for the trial for the offense charged." Mentor v. Giordano (1967), 9 Ohio St.2d 140, paragraph 1 of syllabus. *Page 5 
 {¶ 10} Crim. R. 23(A) provides, in pertinent part:
 "In serious offense cases the defendant * * * may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing * * * Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."
 {¶ 11} Appellant was cited for driving under suspension, a misdemeanor of the first degree. Macedonia Codified Ordinance Section 335.07(C)(1). Crim. R. 2(D) defines "petty offense" as "a misdemeanor other than serious offense." A serious offense is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim. R. 2(C). As a first degree misdemeanor, driving under suspension carries a maximum fine of $1,000 and the possibility of up to six months in jail. Therefore, driving under suspension qualifies as a petty offense. Because appellant was charged with a petty offense under Crim. R. 23(A), he was required to demand a jury trial in writing. There is no written demand for a jury trial in the record. Appellant failed to demand a jury trial and such failure was a complete waiver of the right to trial by jury. Appellant's sole assignment of error is overruled.
 III. {¶ 12} Appellant's sole assignment of error is overruled. The decision of the Cuyahoga Falls Municipal Court is affirmed.
 Judgment affirmed. *Page 6 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 WHITMORE, P. J. DICKINSON, J. CONCUR *Page 1