DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant/Appellant, David Evans appeals his conviction for driving under suspension and failure to comply in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On May 31, 2005, Defendant was indicted for one count of reckless operation, in violation of R.C. 4511.20, which was later dismissed by the State. Defendant was also indicted on one count of failure to comply, in violation of R.C. 2921.331(B), a third degree felony; and one count of driving under suspension, in violation of R.C.4510.11, a first degree misdemeanor. Defendant was tried to a jury on February 26, 2007, and convicted. The trial court sentenced Defendant to *Page 2 
one year of incarceration on the failure to comply conviction and six months of incarceration and a three year driver's license suspension for the driving under suspension conviction. The jail time was to be served concurrently.
 {¶ 3} Defendant timely appealed his conviction and raises four assignments of error.
 Assignment of Error I "The trial court erred by denying Defendant's Criminal Rule 29 motion on the count of failure to comply because the evidence was insufficient to show the mental element of recklessness."
 Assignment of Error II "Defendant's conviction for third degree felony failure to comply was not supported by sufficient evidence due to the lack of a substantial risk of serious, physical harm."
 {¶ 4} In his first and second assignments of error Defendant asserts that the evidence was not sufficient to convict him of a third degree felony failure to comply. We disagree.
 {¶ 5} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates "that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most *Page 3 
favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 6} A person may be convicted of a failure to comply, in violation of R.C. 2921.331(B) if that person "operate[s] a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Recklessness is not an element of this offense. The conviction for failure to comply is a felony of the third degree if:
 "(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." R.C. 2921.331(C)(5)(A)(ii).
 {¶ 7} R.C. 2901.01(A)(8) defines substantial risk as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."
 {¶ 8} R.C. 2901.01(A)(5) defines serious physical harm to persons as:
 "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 "(b) Any physical harm that carries a substantial risk of death;
 "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." *Page 4 
 {¶ 9} R.C. 2901.01(A)(6) defines serious physical harm to property as physical harm, which:
 "(a) Results in substantial loss to the value of the property or requires a substantial amount of time, effort, or money to repair or replace;
 "(b) Temporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time."
 {¶ 10} In other words, Appellant's conviction for a third degree felony failure to comply charge is supported by sufficient evidence if the State demonstrated that Defendant operated his truck to willfully elude the police after an audible signal was given, causing a strong possibility that an incident of serious physical harm to persons or property, as defined above, was certain to occur or that certain circumstances may exist.
 {¶ 11} Officer Krunich testified at trial that he conducted an investigative stop of Defendant's vehicle at 5:00 p.m. on August 18, 2004, by engaging his overhead lights. The officer testified that he approached the vehicle, asked for Defendant's driver's license, and later asked Defendant to step from the car, but Defendant put the car in gear and "took off." Officer Krunich testified that after fleeing the scene, Defendant turned right on to Rt. 18 into Montrose traffic, almost hitting a black SUV and going on the berm right of the traffic. The officer pursued Defendant with lights and siren running. The officer also testified that Defendant passed traffic on the entrance ramp to 77 south going 65 to 70 miles per *Page 5 
hour and passed traffic on the berm and by going into the median on the highway. The officer testified that he terminated pursuit once Defendant traveled into the median and eventually lost sight of the car. The officer testified that Defendant's conduct caused substantial risk of harm to the public. The stop and pursuit were recorded by a dash camera in Officer Krunich's police cruiser and the video was played for the jury.
 {¶ 12} Based on the foregoing, and construing the evidence in favor of the State, we find that there was sufficient evidence to convict Defendant of failure to comply, a third degree felony.
 {¶ 13} Defendant's first and second assignments of error are overruled.
 Assignment of Error III "The trial court erred in denying Defendant's motion for acquittal for the count of driving under suspension because there was no evidence admitted into the record until after Defendant's motion for acquittal."
 {¶ 14} Defendant asserts that the trial court erred in denying his motion for acquittal because there was not sufficient evidence to convict him of driving under suspension prior to his motion for acquittal made at the close of the State's case in chief. Defendant asserts that the State did not introduce the LEADS report until after Defendant made his motion for acquittal and that, therefore, at the time of his motion, there was no evidence that Defendant's driver's license was suspended. We disagree. *Page 6 
 {¶ 15} Beginning first with the alleged admission of the LEADS document, in Macedonia v. Ewing, 9th Dist. No. 23344, 2007-Ohio-2194, we held:
 "Pursuant to App.R. 9(B), an appellant who wishes to assert that a finding or conclusion is unsupported by the evidence or against the manifest weight of the evidence shall include in the record `a transcript of all evidence relevant to the findings or conclusion.' App.R. 9(B) further provides:
 "`Unless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App.R. 9(C) or 9(D) will be submitted, and a statement of the assignments of error the appellant intends to present on the appeal.
 "In the present matter, only a partial transcript of appellant's bench trial was filed. In addition, appellant failed to include a statement pursuant to either App.R.9(C) or 9(D) to supplement the partial transcript.
 "`When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.'" Macedonia at ¶ 6-7.
 {¶ 16} Here, Defendant argues that his conviction for driving under suspension was not supported by sufficient evidence because the State failed to introduce the LEADS report into evidence until after Defendant made a Crim.R. 29 motion. As to the admission of the LEADS document, at the close of the State's case, the following discussion was had on the record:
 "MR. BONETTI [defense counsel]: "Judge I will pursuant to Rule 29 move for judgment on both counts. * * * There was no testimony *Page 7 
whatsoever that Mr. Evans was driving under suspension which is the second count. Nothing was said about it, it was never mentioned, except I guess by you telling the jury what the case was about.
 "MS. ARONSON: I believe there is testimony that the officer was aware that he was driving under suspension. The certified copy of the driving record comes in as a self-authenticating document, which indicates that he had — has — was driving under suspension, and the officer did identify that, which I didn't have to do but just put it in context. So I believe there is testimony. And then I also have the certified copy of his driving record.
 "THE COURT: That's correct the officer did testify that he checked, he was driving under suspension, we have the certified copy, so the motion is denied."
 {¶ 17} This discussion does not admit the LEADS document into evidence; it simply overrules defense counsel's Crim.R. 29 motion, finding there to be sufficient evidence for the charge to be given to the jury. Moreover, defense counsel made no assertions or arguments related to the LEADS report during this discussion.
 {¶ 18} As to any discussions related to the admission of the LEADS report that may have been had at the end of the case, that portion of the transcript is missing from the record. "[I]n the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment." Macedonia at ¶ 8, citingWozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409. Because the partial transcript does not contain all of the evidence relevant to appellant's assignment of error vis-à-vis the alleged reopening of the State's case and admission of the LEADS document into evidence, this Court must make its *Page 8 
decision by reviewing only the evidence in the record to determine whether the trial court's judgment was supported by sufficient evidence.
 {¶ 19} The police officer testified as follows:
 "Q. Did you find out anything about his driver's license?
 "A. After I identified him through phone contact with the vehicle owner, I did run him and find out his driver's license was under suspension, yes."
 {¶ 20} Defense counsel did not object to this testimony. Thus, construing all evidence in favor of the prosecution, we find there was sufficient evidence to sustain a conviction for driving under suspension.
 {¶ 21} Defendant's third assignment of error is overruled.
 Assignment of Error IV "Defendant suffered prejudice from plain error and ineffective assistance of counsel when the prosecutor was allowed to elicit hearsay about Defendant's driver's license."
 {¶ 22} In his last assignment of error, Defendant asserts that he was denied the effective assistance of counsel when trial counsel permitted the prosecutor to elicit hearsay testimony about Defendant's driver's license. Specifically, Defendant asserts that trial counsel permitted the police officer to testify that he learned about Defendant's suspended driver's license from the owner of the truck, Bridgette Triplett, which was the only evidence presented that Defendant's license was suspended prior to Defendant's motion for acquittal at the close of the State's case in chief. *Page 9 
 {¶ 23} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel.McMann v. Richardson (1970), 397 U.S. 759, 771. Courts employ a two-step process to determine whether the right to effective assistance of counsel has been violated:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 24} An attorney properly licensed in Ohio is presumed competent.State v. Lott (1990), 51 Ohio St.3d 160, 174. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." State v. DeNardis (Dec. 29, 1993), 9th Dist. No. 2245, at 2, citing Strickland, 466 U.S. at 690.
 {¶ 25} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. Although either step in the process may be *Page 10 
dispositive, we will address the deficiency question first in this analysis, based on the particular errors Defendant claims in this appeal.
 {¶ 26} As quoted above, Officer Krunich testified about his investigation of the status of Defendant's driver's license. Defense counsel did not object to this testimony.
 {¶ 27} This Court has consistently held that that "trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." State v. Taylor, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76. See, also, State v.Gumm (1995), 73 Ohio St. 413, 428. In the instant case, we view defense counsel's failure to object as a tactical decision, inasmuch that objecting would only serve to alert the prosecution to the fact that it had not yet documented Defendant's driving record. Furthermore, Appellant has not established such failure to object was not sound trial strategy
 {¶ 28} As to Officer Krunich's testimony that he had spoken to Ms. Triplett, the vehicle's owner, the officer was stopped by defense counsel's objection before he testified as to what Ms. Triplett may have told him, purportedly that Defendant's license was suspended. Defense counsel's objection was sustained and no evidence of what the officer learned from Ms. Triplett was admitted.
 {¶ 29} Based on the foregoing, we find trial counsel's objection and failure to object to be a trial tactic that cannot establish the first prong of the Strickland *Page 11 
test, i.e., that trial counsel's performance was deficient.Gumm, 73 Ohio St. at 428; Taylor at ¶ 76. Accordingly, Defendant's charges do not rise to the level of ineffective assistance of counsel. See Strickland, 466 U.S. at 687.
 {¶ 30} Defendant's fourth assignment of error is overruled.
 {¶ 31} Each of Defendant's assignments of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 12 
Costs taxed to Appellant.
 WHITMORE, J. MOORE, J. CONCUR. *Page 1