[Cite as *State v. Williams*, 2015-Ohio-5018.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   26663 |
| | : | |
| v. | : | T.C. NO. 15TRD1610 |
| | : | |
| SHAWN M. WILLIAMS | : | (Criminal Appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___4th___ day of ___December____, 2015.

. . . . . . . . . .

STEPHANIE COOK, Atty. Reg. No. 0067101, 335 W. Third Street, Room 372, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellee

CHRISTINE BAKER, Atty. Reg. No. 0088634, 1 Oakwood Avenue, #644, Dayton, Ohio 45409
     Attorney for Defendant-Appellant

SHAWN M. WILLIAMS, 14 Whispering Drive, Trotwood, Ohio 45426
     Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Shawn M. Williams pled guilty in Dayton Municipal Court to driving under suspension, in violation of R.C. 4510.11, a first-degree misdemeanor.  In exchange for the plea, the State dismissed several additional traffic-related offenses.  After a

presentence investigation, the trial court sentenced Williams to 180 days in jail, with credit for four days and the remaining 176 days suspended. Williams was placed on one year of community control, and he was required to serve 90 days on the electronic home detention program, with work release, and to obtain an alcohol/drug assessment. The trial court also ordered Williams to pay a $50 fine and court costs.

{¶ 2} Williams appeals from his conviction. He sought a stay of his sentence in the trial court, but his motion was denied.

{¶ 3} Williams's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after considering the applicable issues and the law, she has been unable to locate any arguably non-frivolous issues for appeal. Counsel identified potential assignments of error related to Williams's plea and sentence. By entry, we informed Williams that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief was filed.

{¶ 4} We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no non-frivolous issues for review.

{¶ 5} Defense counsel raises a potential assignment of error that Williams's plea was not made knowingly, intelligently, and voluntarily. Williams pled guilty to driving under suspension, a first-degree misdemeanor, which is a petty offense as defined by Traf.R. 2(D). *See* Traf.R. 2(D) (defining a "petty offense" as "an offense for which the penalty prescribed by law includes confinement for six months or less"). In misdemeanor cases involving petty offenses, the trial court "may refuse to accept a plea of guilty or no

contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Traf.R. 10(D). Traf.R. 10(B), which defines "the effect of guilty or no contest pleas," provides that "[t]he plea of guilty is a complete admission of the defendant's guilt." Traf.R. 10(B)(1).

{¶ 6} At Williams's plea hearing, the trial court asked Williams if he wanted to enter a guilty plea, if any threats or promises had been made to induce his plea, and whether his plea was being made voluntarily and of his own free will. The trial court informed Williams of the constitutional rights that he had and asked if Williams understood that, by pleading guilty, he was giving up his right to a trial. The trial court asked Williams if he understood "that your plea of guilty would be a complete admission of guilt to this offense" and told him that the offense carried a sentence of up to 180 days in jail and a fine up to $1,000. Williams's answers to the trial court's questions reflected that his plea was being made voluntarily, that he understood the rights he was waiving, and that he understood the effect of his guilty plea.

{¶ 7} After answering the court's questions, Williams again stated that he was pleading guilty to driving under suspension, and he signed a plea form. By signing the plea form, Williams acknowledged that the trial court had explained several rights and points of law to him, including the rights that were addressed by the court during the plea hearing and the fact that "[a] plea of Guilty is a complete admission of my guilt." The form further stated, in all capital letters, "I understand the above rights and points of law, including my right to counsel and the effect of my plea. I knowingly, intelligently, and voluntarily waive my rights and willingly wish to enter a plea of guilty or no contest. * * * I hereby answer the following question concerning citizenship and enter my plea

knowingly, intelligently, and voluntarily." Williams checked a box indicating that he was a United States citizen and circled "guilty." The trial court orally accepted Williams's guilty plea and found that it was made knowingly, intelligently and voluntarily; the court also signed the plea form, indicating that it had accepted the plea.

{¶ 8} Upon review of the plea hearing transcript, we find no non-frivolous claim related to Williams's plea hearing. Williams's potential claim that his plea was not knowing, intelligent, and voluntary is frivolous.

{¶ 9} Defense counsel also raises potential assignments of error related to Williams's sentence. Williams claims that electronic home detention is unfair, because it is reserved for violent offenders and infringed on his constitutional right to travel.

{¶ 10} First, we reject, as frivolous, Williams's claim that his placement on electronic home detention violated his constitutional right to interstate travel. "The right of a citizen to operate a motor vehicle upon the highways of this state is not a natural or unrestricted right, but a privilege which is subject to reasonable regulation under the police power of the state in the interest of public safety and welfare." *State v. Starnes*, 21 Ohio St.2d 38, 45, 254 N.E.2d 675 (1970), quoting *Blow v. Commr. of Motor Vehicles*, 64 N.W.2d 351, 352 (S.D.1969). We have previously held that there is no fundamental right to drive a motor vehicle, and "[a] burden on a single mode of transportation simply does not implicate the right to interstate travel." *St. Paris v. Galluzzo*, 2d Dist. Champaign No. 2014 CA 4, 2014-Ohio-3260, ¶ 15, quoting *State v. Gunnell*, 10th Dist. Franklin No 13AP-90, 2013-Ohio-3928, ¶ 13, which quoted *Duncan v. Cone*, 6th Cir. No. 00-5705, 2000 WL 1828089 (Dec. 7, 2000).

{¶ 11} Second, we find no non-frivolous argument that placement on electronic

home detention was unfair. R.C. 2929.22 grants the trial court discretion to determine the most effective way to achieve the purposes and principles of misdemeanor sentencing. In this case, the trial court had the authority to impose nonresidential sanctions, including a term of electronic monitoring, with or without house arrest. R.C. 2929.27(A)(2). Nothing in R.C. 2929.27 limits the imposition of electronic monitoring to violent offenses.

{¶ 12} According to the presentence investigation report, Williams has been convicted of driving without a license and driving under suspension a combined 19 times. Specifically, he was convicted in Dayton Municipal Court for driving without a license on eight occasions between September 2001 and June 2014. He was convicted of driving under suspension in Miamisburg Municipal Court in 2002 and in Dayton Municipal Court on ten occasions between October 2002 and October 2013. The trial court characterized Williams's driving record as "awful" and "terrible."

{¶ 13} The trial court recognized at sentencing that Williams has been employed with the same employer for seven years, and the court told Williams that "it's better for everyone, your family, the community, all of us if you are working and being able to support your family." The court emphasized to Williams, however, that he had to stop driving and to figure out what he needed to do to get a valid license. The trial court reasonably placed Williams on electronic home detention for 90 days, with work release, in lieu of a jail sentence. The fine of $50 was not excessive.

{¶ 14} In accordance with our obligation under *Penson*, we have reviewed the entire record, including the transcripts of the arraignment, plea, and sentencing hearings. Based on the record, we find this appeal is frivolous. Accordingly, the trial court's

judgment will be affirmed.

. . . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Stephanie Cook
Christine Baker
Shawn M. Williams
Hon. Christopher D. Roberts