[Cite as *State v. Glaspy*, 2023-Ohio-1073.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 22CA0022-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TIECHA GLASPY | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 22TRD00030 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2023

STEVENSON, Judge.

{¶1} Appellant, Tiecha Glaspy, appeals from the decision of the Medina Municipal Court finding her guilty of one count of Driving Under Suspension in violation of R.C. 4510.11 and one count of assured clear distance, in violation of R.C. 4511.21(A). This Court reverses in part, affirms in part, and remands for further proceedings.

I.

{¶2} On December 28, 2021, Ohio State Highway Patrol Trooper David Pangburn responded to a disabled vehicle on Interstate 71 in Montville Township, Medina County, Ohio. Appellant Glaspy was the driver of the disabled vehicle. Ms. Glaspy's vehicle had heavy front-end damage. Ms. Glaspy provided identification, discussed the incident with Trooper Pangburn, and completed a traffic crash report statement. Ms. Glaspy told Trooper Pangburn that, while she was traveling southbound on Interstate 71, she became involved in a road rage incident with another driver. This other driver was in front of Ms. Glaspy and slowed down. While Ms. Glaspy

attempted to brake, she swerved to avoid hitting the unknown driver's vehicle and struck a guardrail. Trooper Pangburn, through the Law Enforcement Automated Data System, determined that Ms. Glaspy's license was suspended.

{¶3} Ms. Glaspy was charged with driving under suspension in violation of R.C. 4510.11(A) and failing to maintain an assured clear distance ahead in violation of R.C. 4511.21(A). Ms. Glaspy pleaded not guilty to both charges at her January 24, 2022 arraignment. The trial court magistrate informed Ms. Glaspy at her arraignment that she had the right to an attorney, the right to a reasonable continuance to obtain an attorney, and the right to an appointed attorney at no cost if she qualified. The trial court magistrate further informed Ms. Glaspy that she had the right to bond; that she did not have to make any statement in the proceeding as anything she said could be used against her; and, that if convicted of a traffic offense, a record of her conviction would be sent to the Bureau of Motor Vehicles and become part of her driving record.

{¶4} It is undisputed that the trial court magistrate failed to inform Ms. Glaspy that she had a right to a jury trial. The transcript of Ms. Glaspy's initial court appearance is devoid of any reference to a jury or the right to a jury trial.

{¶5} Ms. Glaspy appeared for a bench trial on March 29, 2022, and executed a waiver of counsel in writing and on the record. Ms. Glaspy never filed a written demand for a jury trial. Ms. Glaspy represented herself at the bench trial. At the end of the bench trial, the trial court found Ms. Glaspy guilty of both charges. Ms. Glaspy was sentenced on April 12, 2022. Ms. Glaspy's sentence included $200.00 in fines, court costs, two points on her driver's license, and five months to pay the fines and costs.

{¶6} Ms. Glaspy appeals the judgment of conviction, citing two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED WHEN IT FAILED TO INFORM THE APPELLANT OF HER RIGHT TO TRIAL BY JURY IN VIOLATION OF SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

**{¶7}** In her first assignment of error, Ms. Glaspy argues that the trial court erred when it failed to inform her of her right to a trial by jury in violation of the Sixth Amendment of the United States Constitution. For the following reasons, we agree.

**{¶8}** "The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to trial by jury." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, ¶ 6. This guarantee is not absolute and unrestricted. "'[T]he guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefor * * *.'" *State v. Tate*, 59 Ohio St.2d 50, 52 (1979), quoting *Mentor v. Giordano*, 9 Ohio St.2d 140 (1967), paragraph one of the syllabus.

**{¶9}** The United States Supreme Court sets high standards of proof for the waiver of constitutional rights. *Johnson v. Zerbst*, 304 U.S. 458 (1938). "There is a presumption against the waiver of constitutional rights[.]" *Brookhart v. Janis*, 384 U.S. 1, 4 (1966). "The right of trial by jury is * * * fundamental under our criminal justice system ***." *Tallmadge v. DeGraft-Biney*, 39 Ohio St.3d 300, 301 (1988). Accordingly, "the trial court must not lightly infer a waiver of the right to a jury trial." *State v. Walker*, 4th Dist. Adams No. 19CA1102, 2021-Ohio-235, ¶ 13, citing *Johnson* and *State v. Tackett*, 4th Dist. Jackson No. 04CA12, 2004-Ohio-1437, ¶ 19; s*ee also State v. Scott*, 123 Ohio App.3d 331 (2d Dist. 1997), citing *DeGraft-Biney*.

{¶10} Appellant was charged with driving under suspension, a misdemeanor of the first degree. R.C. 4510.11(D)(1). Crim.R. 2(D) defines "[p]etty offense" as "a misdemeanor other than a serious offense." A "[s]erious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). As a first-degree misdemeanor, driving under suspension carries a maximum fine of $1,000.00 and the possibility of up to six months in jail. R.C. 2929.28(2)(a)(i); R.C. 2929.24(A)(1). Accordingly, driving under suspension is a petty offense. *Macedonia v. Ewing*, 9th Dist. Summit No. 23344, 2007-Ohio-2194, ¶ 11; *see also State v. Lyles*, 1st Dist. Hamilton Nos. C-210271, C-210272, C-210273, 2022-Ohio-1414, ¶ 10; *State v. Williams*, 2d Dist. Montgomery No. 26663, 2015-Ohio-5018, ¶ 5.

{¶11} Crim.R. 23(A) provides that "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial." The demand for a jury trial shall "be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later." *Id.* The failure to demand a jury trial constitutes a complete waiver thereof. *Id.*

{¶12} "Pursuant to Crim.R. 5(A)(5), a court must inform an accused of his right to a jury trial during the accused's initial court appearance." *Walker*, 2021-Ohio-235, ¶ 18. Compliance with this rule is mandatory. *Akron v. Berenato*, 9th Dist. Summit No. 30089, 2023-Ohio-296, ¶ 17, citing *State v. Gearig,* 6th Dist. Williams No. WM-09-012, 2010-Ohio-939, ¶ 11; *see also State v. Wilson*, 4th Dist. Adams No. 19CA1084, 2019 Ohio 2965, ¶ 10. A trial court's failure to comply with Crim.R. 5(A) constitutes prejudicial error. *Berenato* at ¶ 16, citing *State v. Bates*, 11th Dist. Ashtabula No. 2005-A-0078, 2006-Ohio-3777, ¶ 22; *see also Wilson* at ¶ 12.

{¶13} "Crim.R. 5(A) applies to criminal charges. For traffic offenses, the corresponding Traffic Rules apply." *Walker,* 2021-Ohio-235, at ¶ 18. Traf.R. 8 includes the requirements set forth in Crim.R. 5(A) and states:

> **Explanation of rights**. Before calling upon a defendant to plead at arraignment the judge shall cause the defendant to be informed and shall determine that defendant knows and understands:
>
> (1) That defendant has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Criminal Rule 44, the right to have counsel assigned without cost to the defendant if defendant is unable to employ counsel;
>
> (2) That defendant has a right to bail as provided in Rule 4;
>
> (3) That defendant need make no statement at any point in the proceeding; but any statement made may be used against the defendant
>
> (4) That defendant has, where such right exists, a right to jury trial and that the defendant must, in petty offense cases, make a demand for a jury trial pursuant to Criminal Rule 23;
>
> (5) That if defendant is convicted a record of the conviction will be sent to the Bureau of Motor Vehicles and become part of defendant's driving record.

{¶14} Similar to Crim.R. 5(A), Traf.R. 8(D) requires an explanation of rights at the arraignment stage. "'Specifically, before calling the defendant to plea, the judge shall cause him to be informed and shall determine that defendant knows and understands * * * that he has, where such right exists, a right to jury trial which must be demanded in petty offenses" *Walker*, 2021-Ohio-235, at ¶ 18, quoting *State v. Donkers*, 170 Ohio App.3d 509, 2007-Ohio-1557, ¶ 30 (11th Dist.).

{¶15} This Court addressed the consequence of failing to apprise a defendant of his right to a jury trial at arraignment in *Berenato*, 2023-Ohio-296. After reviewing the transcript of the defendant's initial court appearance, in addition to other findings, this Court found in *Berenato* that the lower court failed to inform the defendant that he had a right to a jury trial. *Id* at ¶ 18. It

was noted that no curative action was taken by the trial court after the defendant's initial appearance to affirmatively advise the defendant of his jury trial right. *Id.* at ¶ 19. This Court accordingly found that "[t]he State has not met its burden to demonstrate the trial court's error did not affect the substantial rights of Mr. Berenato." *Id.* Berenato's guilty plea was vacated and the matter was "remanded for further proceedings starting with the initial appearance." *Id.* at ¶ 22.

{¶16} As recognized in *Berenato,* the Fourth District Court of Appeals had previously addressed in *Wilson*, 2019-Ohio-2965, the failure to advise a defendant of the defendant's right to a jury trial in a first-degree misdemeanor proceeding. *Berenato*, at ¶ 17. The court noted in *Wilson*, at ¶ 14, that "the right to a trial by jury is one of the most important rights guaranteed in the United States Constitution," and that:

> absent actual compliance with Crim.R. 5, or absent some later curative action undertaken by the trial court to affirmatively advise the appellant of his right to a trial by jury, we are reluctant to simply assume that, sometime during the course of the trial proceeding, appellant must have been made aware of this important constitutional right. Thus, based upon the facts present in the case sub judice, we are reluctant to conclude that appellant waived this particular constitutional guarantee. * * *
>
> Accordingly, * * * we conclude that the lack of compliance with Crim.R. 5(A)(5) invalidates the proceeding. Thus, we hereby sustain appellant's sole assignment of error, reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

*Id.* at ¶¶ 14-15. *See also Walker*, 2021-Ohio-235, at ¶ 32 (because the appellant "was not fully apprised of his right to a jury trial," matter was reversed and remanded on appeal); *Bates*, 2006-Ohio-3777, at ¶ 24 (court concluded that lower court failed to properly apprise appellant of his Civ.R. 5(A) rights and that this failure constituted prejudicial error; court concluded that the entire proceeding against the defendant was invalid).

{¶17} A review of the transcript of Ms. Glaspy's initial appearance indicates that the trial court failed to follow the requirements of Traf.R. 8(D). The trial court failed to inform Ms.

Glaspy that, pursuant to Traf.R. 8(D)(4), she had the right to a jury trial. *See Ewing*, 9th Dist. Summit No. 23344, 2007-Ohio-2194, at ¶ 11 (recognizing that there is a right to a jury trial on a driving under suspension charge). Accordingly, we conclude that the trial court's lack of compliance with Traf.R. 8(D), and the trial court's failure to advise Ms. Glaspy that she had the right to a jury trial, invalidates the proceedings against Ms. Glaspy. *See Berenato,* 2023-Ohio-296, at ¶ 19; *Wilson*, 2019-Ohio-2965, at ¶ 15; *Walker*, 2021-Ohio-235, at ¶¶ 32-33; *Bates*, 2006-Ohio-3777, at ¶ 24. This assignment of error has merit.

**{¶18}** The right to a jury trial existed only as to the driving under the suspension charge, a misdemeanor of the first degree under R.C. 4510.11(D)(1). There is no right to a jury trial on minor misdemeanor charges. *State v. Jackson III*, 9th Dist. Summit No. 28625, 2018-Ohio-19, ¶ 11, citing *State v. Kearns*, 9th Dist. Medina No. 06CA0020-M, 2006-Ohio-5811, ¶ 16, citing R.C. 2945.17(B)(1). Assured clear distance is a minor misdemeanor charge under R.C. 4511.21(P)(1)(a), and therefore, carries no right to a jury trial.

**{¶19}** Accordingly, Ms. Glaspy's driving under suspension conviction is vacated and the cause is remanded for further proceedings consistent with this opinion.

## ASSIGNMENT OF ERROR II

**MS. GLASPY'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.**

**{¶20}** In her second assignment of error, Ms. Glaspy argues that her conviction for Assured Clear Distance was based on insufficient evidence as a matter of law. We disagree.

**{¶21}** The state's burden of proof in a criminal case is beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 365 (1970). Whether the state met its burden, and whether the evidence is legally sufficient to sustain a conviction, is a question of law this Court reviews de novo. *State v. Irvine*, 9th Dist. Summit No. 28998, 2019-Ohio-959, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d

380, 386 (1997). As noted in *Irvine*, at ¶ 10, quoting *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

"'In essence, sufficiency is a test of adequacy.'" *Irvine*, at ¶ 10, quoting *Thompkins*, at 386. Even though the standard of review is de novo, "the appellate court does not resolve evidentiary conflicts or assess the credibility of witnesses, because these functions belong to the trier of fact." *Irvine*, at ¶ 10, citing *State v. Tucker*, 9th Dist. Medina No.14CA0047-M, 2015-Ohio-3810, ¶ 7.

{¶22} Ms. Glaspy was convicted of failing to maintain an assured clear distance ahead in violation of R.C. 4511.21(A), a minor misdemeanor. R.C. 4511.21(A) states that "no person shall drive any motor vehicle * * * upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." The Supreme Court of Ohio stated:

> Ohio case law has consistently held that a person violates the assured clear distance ahead statute if 'there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible.'
>
> Thus, a driver violates the statute as a matter of law if the party invoking the statute presents uncontroverted evidence establishing all of the elements necessary to constitute a statutory violation.

(Internal citations omitted.) *Pond v. Leslein*, 72 Ohio St.3d 50, 52 (1995).

{¶23} Trooper Pangburn testified that on the night of December 27, 2021, he was called to I-71 for a one car crash. Trooper Pangburn found Ms. Glaspy's vehicle, with heavy front-end damage, in "the fast lane, the left-hand lane, partially, and then partially in the berm." Trooper

Pangburn explained that, as Ms. Glaspy told him, she was traveling southbound on Interstate 71 and another vehicle was in front of her. Ms. Glaspy told Trooper Pangburn that she and this other vehicle were involved in a "slight" road rage incident. Ms. Glaspy told Trooper Pangburn that the other vehicle slowed down in front of her and that, while she attempted to brake, she had to swerve to avoid striking the vehicle. Based on what Ms. Glaspy told Trooper Pangburn, it is not an unreasonable conclusion that Ms. Glaspy was traveling too close to the vehicle in front of her. According to her testimony, Ms. Glaspy crashed into the guardrail when she swerved to avoid hitting the vehicle in front of her.

{¶24} Reviewing the evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found that the essential elements of assured clear distance were proved beyond a reasonable doubt. *See Jenks* at paragraph two of the syllabus. *See also State v. Hamad*, 9th Dist. Summit No. 24450, 2009-Ohio-3693, ¶ 35. There was evidence that Ms. Glaspy was traveling too close to the vehicle in front of her, the vehicle in which she admitted she was aware of and with which she had an ongoing road rage incident; that the vehicle was traveling in the same direction as Ms. Glaspy; and that, while Ms. Glaspy attempted to brake, she had to swerve to avoid striking the vehicle and collided with a guardrail. The State presented sufficient evidence to support an assured clear distance violation. Ms. Glaspy's second assignment of error is overruled.

III.

**{¶25}** This Court sustains assignment of error I and overrules assignment of error II. This matter is remanded to the Medina Municipal Court for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
SCOT STEVENSON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.