[Cite as *State v. Glaspy*, 2024-Ohio-2024.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    2023CA0054-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TIECHA GLASPY | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.    22TRD00030 |

DECISION AND JOURNAL ENTRY

Dated: May 28, 2024

CARR, Judge.

{¶1} Defendant-Appellant Tiecha S. Glaspy appeals the judgment of the Medina Municipal Court. This Court reverses and remands the matter.

I.

{¶2} After the vehicle Glaspy was driving struck a guard rail on December 28, 2021, a complaint was filed alleging that she violated R.C. 4510.11, driving under suspension, and R.C. 4511.21(A), failing to maintain an assured clear distance ahead. The matter proceeded to a bench trial in March 2022, at which Glaspy proceeded pro se. Glaspy was found guilty of both charges. Glaspy was sentenced and appealed her convictions. She was represented by the same counsel at both the sentencing hearing and during her appeal.

{¶3} This Court sustained Glaspy's first assignment of error, concluding that the trial court erred when it failed to inform her of her right to a jury trial with respect to the charge of driving under suspension. *State v. Glaspy*, 9th Dist. Medina No. 22CA0022-M, 2023-Ohio-1073,

¶ 17-19. We vacated her conviction and remanded the matter for further proceedings. *See id.* at ¶ 19. However, we affirmed her conviction for violating R.C. 4511.21(A). *See id.* at ¶ 22, 24.

{¶4} Upon remand, Glaspy was again represented by the same attorney who represented her at the prior sentencing hearing and on appeal. On May 3, 2023, Glaspy's counsel filed a request for discovery. On May 10, 2023, Glaspy's counsel filed a motion to continue the May 11, 2023 trial stating only that counsel was assigned the case three weeks ago and needed more time to review the matter. The State opposed the motion noting that the case only involved a single charge of driving under suspension, counsel had been involved in the case since April 2022, and the State's witness no longer worked in the jurisdiction and was scheduled to appear the next day at trial. The trial court denied the motion in a written entry.

{¶5} The matter proceeded to a jury trial. Prior to opening statements, Glaspy's counsel again moved to continue the trial and the motion was denied. The jury found Glaspy guilty, and the trial court sentenced her. She has appealed, raising three assignments of error for our review.

{¶6} Upon reviewing the record, this Court identified an issue that prompted the Court to order the parties to address whether Glaspy could be convicted of violating R.C. 4510.11(A) when the record supported that her prior suspension was a violation of R.C. 4509.101. Both sides responded. As this new issue is dispositive, we address it first.

II.

**SHOW CAUSE RESPONSE**

{¶7} Glaspy argued in her response to this Court's order that her conviction for driving under suspension is not supported by sufficient evidence.

**{¶8}** When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

> **{¶9}** Glaspy was found guilty of violating R.C. 4510.11(A). It provides:
>
> Except as provided in division (B) of this section and in sections 4510.111 and 4510.16 of the Revised Code, no person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under any provision of the Revised Code, other than Chapter 4509. of the Revised Code, or under any applicable law in any other jurisdiction in which the person's license or permit was issued, shall operate any motor vehicle upon the public roads and highways or upon any public or private property used by the public for purposes of vehicular travel or parking within this state during the period of suspension unless the person is granted limited driving privileges and is operating the vehicle in accordance with the terms of the limited driving privileges.

**{¶10}** Here, there was evidence presented that Glaspy was driving at a time when her license was suspended. However, the evidence presented by the State at trial supports that that suspension was pursuant to R.C. 4509.101. In support of the charge, the State presented exhibits demonstrating Glaspy's suspension. One of those is a final order of Glaspy's suspension which states:

> A notice of suspension was mailed to you at the above address to inform you that your driver license and driving privileges would be suspended during the period noted above pursuant to R.C. [] 4509.101. The notice stated that the suspension would be imposed because you did not provide proof of automobile insurance or other financial responsibility coverage after you received a traffic ticket. The notice also stated that, pursuant to R.C. [] 119.07, you were entitled to an adjudication hearing if you submitted a request to the Bureau of Motor Vehicles (BMV) within

ten (10) days of the date of mailing of the notice. Therefore, it is hereby ordered that your driver license and driving privileges and vehicle registration privileges be suspended during the time noted above.

{¶11} As R.C. 4509.101 is within Chapter 4509, Glaspy's suspension fell within the exception contained in R.C. 4510.11(A) and was not a qualifying suspension for purposes of R.C. 4510.11(A). The State has not pointed this Court to any other evidence that would support Glaspy's conviction under R.C. 4510.11(A) or explained to this Court's satisfaction why a conviction under that section is appropriate in light of the facts presented at trial.

{¶12} Glaspy's argument is sustained.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO CONTINUE THE JURY TRIAL FILED ON MAY 10, 2023, AND BY DENYING THE APPELLANT'S ORAL MOTION TO CONTINUE THE JURY TRIAL RAISED ON MAY 11, 2023.

### ASSIGNMENT OF ERROR II

THE APPELLANT'S CONVICTION FOR DRIVING UNDER SUSPENSION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

### ASSIGNMENT OF ERROR III

THE APPELLANT WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS REQUIRED BY THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION.

{¶13} In light of our resolution of Glaspy's argument in response to this Court's show cause order, Glaspy's assignments of error have been rendered moot and we decline to address them. *See* App.R. 12(A)(1)(c).

### III.

{¶14} Glaspy's argument in response to the show cause order is sustained. The assignments of error have been rendered moot. The judgment of the Medina Municipal Court is

reversed, and the matter is remanded so that the trial court can enter a finding of not guilty as to the violation of R.C. 4510.11(A).

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES A. KASHIEN, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.