**[Cite as *State v. Pappas*, 2021-Ohio-2915.]**

STATE OF OHIO          )            IN THE COURT OF APPEALS
                             )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                            C.A. No.      29839

      Appellee

      v.                                    APPEAL FROM JUDGMENT
                                        ENTERED IN THE
ROBERT J. PAPPAS                BARBERTON MUNICIPAL COURT
                                        COUNTY OF SUMMIT, OHIO
      Appellant                        CASE No.     TRD 1907099

DECISION AND JOURNAL ENTRY

Dated: August 25, 2021

---

CALLAHAN, Judge.

**{¶1}** Appellant, Robert Pappas, appeals his conviction for reckless operation by the Barberton Municipal Court. This Court affirms.

I.

**{¶2}** Mr. Pappas was charged with reckless operation in violation of R.C. 4511.20 after a traffic stop that occurred on November 27, 2019. On the morning of trial, he moved to dismiss the charge, arguing that the traffic ticket did not adequately inform him of the nature of the charge against him. The trial court denied the motion, noting that it had been heard on the record before a bench trial commenced. The trial court found Mr. Pappas guilty, fined him $150, and assessed four points on his driver's license. Mr. Pappas appealed, raising two assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS ON THE GROUNDS THAT THE COMPLAINT WAS INADEQUATE TO PUT THE DEFENDANT ON NOTICE OF THE NATURE OF THE CHARGE[.]

{¶3} In his first assignment of error, Mr. Pappas argues that the trial court erred by failing to dismiss the charge against him when the traffic ticket did not sufficiently inform him of the basis for the charge. This Court does not agree.

{¶4} The Ohio Traffic Rules are intended to promote "simplicity and uniformity in procedure[.]" Traf.R. 1(B). "Simplicity in procedure does not mean unfairness in procedure, or indifference to the rights of the prosecution or the defense. It means that traffic court procedure is not controlled by the stricter, more elaborate rules that govern procedures in more serious cases." *Barberton v. O'Connor*, 17 Ohio St.3d 218, 221 (1985). Consequently, a complaint initiated by filing a Uniform Traffic Ticket "simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand." *Id.* A Uniform Traffic ticket is sufficient to charge an offense even if the defendant must make a reasonable inquiry to learn the exact nature of the offense. *Id.* at paragraph two of the syllabus.

{¶5} When a Uniform Traffic Ticket "describes the nature of the offense * * * and makes reference to the ordinance that gives rise to the offense," it is sufficient to charge the defendant. *Id.* at paragraph one of the syllabus. *See also Bellville v. Kieffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, ¶ 19, citing *Cleveland v. Austin*, 55 Ohio App.2d 215, 220 (8th Dist.1978) ("Notice is satisfied when a defendant is apprised of the nature of the charge together with a citation of the statute or ordinance involved."). Applying *O'Connor*, this Court has concluded

that a traffic ticket that cited the defendant for "failure to control" and referenced a corresponding local ordinance that described the violation at issue was sufficient to charge the defendant. *State v. Warren*, 9th Dist. Wayne No. 15AP0004, 2016-Ohio-1355, ¶ 6-9. Similarly, a Uniform Traffic Ticket that references "reckless operation on street or highway" and the corresponding local ordinance is sufficient under *O'Connor* to charge the offense. *Parma v. Block*, 8th Dist. Cuyahoga No. 92891, 2010-Ohio-2341, ¶ 17-18.

{¶6} The traffic ticket issued to Mr. Pappas was identical in substance to the Uniform Traffic Ticket. It noted that while operating a passenger vehicle, Mr. Pappas committed "Reckless Operation" in violation of "[R.C.] 4511.20" and that his conduct "[a]lmost [c]aused" a traffic crash. R.C. 4511.20(A) prohibits operating "a vehicle * * * on any street or highway in willful or wanton disregard for the safety of persons or property." Violations of R.C. 4511.20(A) are commonly referred to as "reckless operation." *See*, *e.g.*, *State v. Fairbanks*, 117 Ohio St.3d 543, 2008-Ohio-1470, syllabus. As in *Block*, the citation issued to Mr. Pappas referenced both reckless operation and the corresponding statute. *Compare Warren* at ¶ 6-9. This was sufficient to put Mr. Pappas on notice of the nature of the charge against him even if it required him to make reasonable inquiry regarding the precise nature of the charged offense. *See Kieffaber* at ¶ 19; *O'Connor* at paragraph two of the syllabus; *Warren* at ¶ 6-9.

{¶7} The trial court did not err by denying Mr. Pappas' motion to dismiss. His first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED BY RENDERING A GUILTY VERDICT WHERE THE EVIDENCE PRESENTED WAS INSUFFICIENT FOR A FINDER OF FACT TO RENDER A GUILTY VERDICT[.]

{¶8} Mr. Pappas' second assignment of error argues that his conviction for reckless operation is not supported by sufficient evidence.

{¶9} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

{¶10} This Court has recognized that under App.R. 9(B)(4), "[i]f the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." *See Macedonia v. Ewing*, 9th Dist. Summit No. 23344, 2007-Ohio-2194, ¶ 6-8. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Consequently, when an appellant challenges the weight or sufficiency of the evidence, but the transcript of proceedings is not part of the record or is incomplete, "this Court must presume regularity in the trial court's

proceedings and accept its judgment." *Ewing* at ¶ 6, citing *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409 (9th Dist.1993). *See also* App.R. 9(B)(4).

{¶11} In this case, the proceedings in the trial court were recorded. The trial court appointed an official court reporter for purposes of the transcript on appeal, *see* App.R. 9(B)(2), and a transcript of proceedings was included with the record. That transcript, however, is incomplete: it commences at some point during the testimony of the law enforcement officer who initiated the stop, omitting a portion of his testimony and any proceedings that may have come before. The transcript also omits the law enforcement officer's oath. *See* Evid.R. 603. *See also State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, ¶ 67 (recognizing that unsworn testimony does not technically constitute evidence). Despite the incompleteness of the transcript, Mr. Pappas did not avail himself of the alternative available to him under App.R. 9(C).[1] *See State v. Knox*, 9th Dist. Lorain No. 16CA010985, 2018-Ohio-43, ¶ 11.

{¶12} The obligation to provide all portions of the record necessary for appellate review always falls to the appellant. *See Knapp* at 199. "This is true even if, through no fault of an appellant, a verbatim transcript of the proceedings below is not available." *In re Wilson*, 9th Dist. Lorain No. 98CA007128, 1999 WL 195566, *2 (Mar. 31, 1999). This Court does not have a complete record from which we can determine whether Mr. Pappas' conviction was based on sufficient evidence, and for that reason, this Court must presume regularity and overrule his second assignment of error.

{¶13} Mr. Pappas' second assignment of error is overruled.

---

[1] After this appeal was submitted for consideration, this Court issued an order that put Mr. Pappas on notice of the incomplete transcript and the alternative available to him under App.R. 9(C). Mr. Pappas did not move to supplement the record with an App.R. 9(C) statement, however.

III.

**{¶14}** Mr. Pappas' assignments of error are overruled.  The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

PATRICK J. WEISS, Attorney at Law, for Appellant.

MICHELLE L. BANBURY, Assistant Prosecuting Attorney, for Appellee.