[Cite as *State v. Cunningham*, 2024-Ohio-3090.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

ANTHONY V. CUNNINGHAM

    Appellant

C.A. Nos.    30489, 30490,
                30491

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR-2021-23-4453
                CR-2021-23-4503
                CR-2022-02-0613

DECISION AND JOURNAL ENTRY

Dated: August 14, 2024

STEVENSON, Presiding Judge.

**{¶1}** Appellant, Anthony V. Cunningham, appeals from his convictions in the Summit County Court of Common Pleas. For the reasons set forth below, this Court overrules in part and, considering the State's concession, sustains in part Cunningham's assignments of error.

I.

**{¶2}** Cunningham was charged in three separate criminal proceedings with (1) theft in violation of R.C. 2913.02(A)(1)/(B)(2), a felony of the fourth degree, and breaking and entering in violation of R.C. 2911.13(A)/(C), a felony of the fifth degree; (2) aggravated robbery in violation of R.C. 2911.01(A)(1)/(C), a felony of the first degree, with a three year firearm specification in violation of R.C. 2941.145(A), and impersonation of a peace officer or private police officer in violation of R.C. 2921.51(E)/(G), with a three year firearm specification in

violation of R.C. 2941.145(A); and (3) escape in violation of R.C. 2921.34(A)(1)/(C)(2)(b), a felony of the third degree.

{¶3}    The matters were tried together and a jury found Cunningham guilty of theft, with the value of the stolen property being "$1,000 or more and less than $7,500[;]" breaking and entering; aggravated robbery; and impersonation. Cunningham pleaded guilty to the escape charge and the trial court found him guilty of this offense. Cunningham appeals, raising three assignments of error for our review.

### ASSIGNMENT OF ERROR ONE

**[CUNNINGHAM'S] CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

### ASSIGNMENT OF ERROR TWO

**[CUNNINGHAM'S] CONVICTIONS ARE BASED ON INSUFFICIENT EVIDENCE.**

### ASSIGNMENT OF ERROR THREE

**THE TRIAL COURT ERRED IN OVERRULING THE MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.**

{¶4}    We address Cunningham's assignments of error together for ease of review. Cunningham argues in his first and second assignments of error that his convictions are against the manifest weight of the evidence and are based on insufficient evidence. Cunningham argues in his third assignment of error that, as his convictions are based on insufficient evidence, the trial court erred when it overruled his Crim.R. 29 motion for acquittal.  Cunningham's assignments of error are overruled in part and sustained in part.

{¶5}    As this Court recently stated:

When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, 'weigh the evidence and all reasonable

inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'

*State v. Ross*, 2024-Ohio-2251, ¶ 19 (9th Dist.), quoting *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986).  A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶6}    "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *Ross* at ¶ 6, citing *Thompkins* at 386.  The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390. "For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State." *State v. Zappa,* 2022-Ohio-243, ¶ 7 (9th Dist.), citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  This Court does not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). Evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶7}    This Court has recognized that under App.R. 9(B)(4), "'[i]f the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion.'" *State v. Pappas*, 2021-Ohio-2915, ¶ 10 (9th Dist.) quoting App.R. 9(B)(4).  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).  "Consequently, when an appellant challenges the

weight or sufficiency of the evidence, but the transcript of proceedings is not part of the record or is incomplete, 'this Court must presume regularity in the trial court's proceedings and accept its judgment.'" *Pappas* at ¶ 10, quoting *Macedonia v. Ewing*, 2007-Ohio-2194, ¶ 6 (9th Dist.). *See also* App.R. 9(B)(4).

{¶8} In this case, the proceedings in the trial court were transcribed by the official court reporter and a transcript of proceedings was included with the record. That transcript, however, is incomplete as it does not include the testimony of Sergeant Moenich. Cunningham did not attempt to bring the defect in the record to this Court's attention.

{¶9} "The obligation to provide all portions of the record necessary for appellate review always falls to the appellant." *Pappas* at ¶ 12; *State v. Barnes*, 2007-Ohio-2460, ¶ 5 (9th Dist.). This Court does not have a complete record from which we can determine whether Cunningham's convictions are based on manifest weight and sufficiency of the evidence. Cunningham has made no effort under App R. 9 to attempt to cure the defect in the record. Absent a complete record or an attempt to complete the record, we must presume regularity and overrule Cunningham's assignments of error regarding his convictions for breaking and entering, aggravated robbery and impersonation.

{¶10} The State concedes on appeal, however, that the trial court mistakenly entered a conviction for grand theft, a felony of the fourth degree, rather than theft, a felony of the fifth degree. The jury found Cunningham guilty of theft in violation of R.C. 2913.02(A)(1)/(B)(2) and it found the value of the stolen property was "$1,000 or more and less than $7,500[.]"

{¶11} The State concedes that, pursuant to R.C. 2913.02(B)(2), if the value of the stolen property is more than $1,000 but less than $7,500, the theft is a felony of the fifth degree. Despite R.C. 2913.02(B)(2), the trial court entered a conviction for grand theft, a felony of the fourth

degree rather than a felony of the fifth degree. Based on the State's concession and our independent review, we sustain Cunningham's assignment of error solely as it relates to the theft, a felony of the fourth degree, conviction. We remand to the trial court to enter a conviction in accordance with the jury verdict for theft, a felony of the fifth degree pursuant to R.C. 2913.02(B)(2) and to resentence Cunningham on this count only.

{¶12} For the reasons set forth above, we overrule Cunningham's assignments of error in part and sustain in part. We sustain Cunningham's assignments of error solely as they relate to the trial court's conviction of theft, a felony of the fourth degree.

### III.

{¶13} For the reasons stated above, Cunningham's assignments of error are overruled in part and sustained in part. This matter is remanded to the Summit County Court of Common Pleas solely for the trial court to enter a conviction in accordance with the jury verdict for theft, a felony of the fifth degree pursuant to R.C. 2913.02(B)(2), and to resentence Cunningham on this count only.

Judgment affirmed in part,<br>
and reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

SCOT STEVENSON
FOR THE COURT


HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

PAUL E. MEYER, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.