[Cite as *State v. Weideman*, 2024-Ohio-5152.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    22CA0003-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSHUA WEIDEMAN | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    20TRC03527 |

DECISION AND JOURNAL ENTRY

Dated: October 28, 2024

FLAGG LANZINGER, Judge.

{¶1}   Joshua Weideman appeals his convictions from the Medina Municipal Court. This Court affirms.

I.

{¶2}   Around 2:00 a.m. on July 12, 2020, an officer with the Montville Township police was driving southbound on River Styx Road when he observed a crashed motorcycle in the roadway. The officer also observed two men standing on the side of the road near the crashed motorcycle. One of the men was Weideman, who had a bloodied face and a broken arm. The other man lived on River Styx Road (the "neighbor"). The neighbor came outside after he heard a loud bang. The neighbor observed that his mailbox had been hit, and that Weideman was bloodied and disoriented. The officer radioed dispatch to request EMS and got out of his cruiser to speak with the two men.

{¶3}     After speaking with the neighbor and Weideman, the officer cited Weideman for operating a motor vehicle while under the influence of alcohol, operating a motorcycle without a motorcycle endorsement, operating a motorcycle without wearing a protective helmet, and having expired plates.  The matter proceeded to a jury trial.

{¶4}     At trial, the State presented testimony from the officer and the neighbor, and played the officer's bodycam and dashcam footage for the jury.  The State also presented evidence indicating that Wiedeman had two prior OVI convictions within the last twenty years.  The defense presented testimony from Weideman's brother.

{¶5}     The jury found Weideman guilty.  The trial court sentenced Weideman to sixty days in jail, suspended his driver's license for three years, and imposed fines.  Weideman now appeals, raising three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE.

ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING MR. WEIDEMAN'S REQUEST
FOR A LESSER INCLUDED OFFENSE JURY INSTRUCTION.

{¶6}     In his assignments of error, Weideman challenges the sufficiency of the evidence, the manifest weight of the evidence, and the trial court's refusal to instruct the jury on the lesser-included offenses of reckless operation and failure to control.  For the following reasons, this Court must presume regularity in the trial court's proceedings and affirm.

**{¶7}** Each of Weideman's assignments of error requires this Court to review the evidence presented at trial, including the entire trial transcript. *See State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus (providing the standard for evaluating the sufficiency of the evidence); *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986) (providing the standard for evaluating the manifest weight of the evidence); *Shaker Hts. v. Mosely*, 2007-Ohio-2072, ¶ 11 (providing the standard for evaluating whether the trial court should have instructed the jury on a lesser included offense). If a trial transcript is incomplete, App.R. 9 permits an appellant to prepare a statement of the evidence. "In the absence of a complete record or a substitute statement of the evidence as permitted by App.R. 9(C) and (D), an appellate court must presume regularity in the trial court's proceedings and accept the validity of its judgment." *Skycasters, LLC v. Kister*, 2021-Ohio-4154, ¶ 19 (9th Dist.), quoting *Butler v. Akron Gen. Med. Ctr.*, 1995 WL 622939, *1 (9th Dist. Oct. 25, 1995).

**{¶8}** Here, Weideman's counsel acknowledges in her merit brief that the trial transcript on appeal is incomplete because some of the audio files from the trial were corrupted and were unable to be transcribed. Weideman's counsel also acknowledges that App.R. 9 allows an appellant to prepare a statement of the evidence when a transcript is incomplete. Weideman's counsel asserts that she was "unable to obtain the statement due to trial counsel not appointed to assist in appeals and appellant has moved out of the State and [is] unwilling to provide counsel with the [s]tatement." Later in her brief, Weideman's counsel asserts that the State's case-in-chief appears to have been fully transcribed, which this Court should consider.

**{¶9}** This Court's review of the trial transcript confirms that it is incomplete. Noticeably absent from the transcript is the cross-examination of the officer, as well as the full testimony of Weideman's brother. It is unclear what other testimony, if any, is also absent from the transcript

on appeal. Without the complete transcript, this Court must presume regularity and affirm the decision of the trial court with respect to the sufficiency and manifest weight of the evidence. *State v. Cunningham*, 2024-Ohio-3090, ¶ 7 (9th Dist.), quoting *State v. Pappas*, 2021-Ohio-2915, ¶ 10 (9th Dist.) ("[W]hen an appellant challenges the weight or sufficiency of the evidence, but the transcript of proceedings is not part of the record or is incomplete, 'this Court must presume regularity in the trial court's proceedings and accept its judgment.'").

{¶10} Additionally, assuming without deciding that reckless operation and failure to control are lesser included offenses of operating a motor vehicle while under the influence of alcohol as charged in the complaint, the lack of a complete transcript precludes this Court's review of Weideman's third assignment of error. As the Ohio Supreme Court has explained, whether a jury instruction is warranted on a lesser included offense requires a court to "look[] to the evidence in a particular case and determine[] whether 'a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense.'" *State v. Deanda*, 2013-Ohio-1722, ¶ 6, quoting *State v. Evans*, 2009-Ohio-2974, ¶ 13. Without a complete transcript, this Court is unable to conduct the required review of the evidence presented at trial. Accordingly, this Court presumes regularity and affirms the decision of the trial court in this regard. *See State v. Wrana*, 2021-Ohio-190, ¶ 10 (9th Dist.) (presuming regularity and overruling appellant's challenge to the trial court's failure to give a jury instruction because the record on appeal was incomplete).

{¶11} In light of the foregoing, Weideman's assignments of error are overruled.

III.

{¶12} Weideman's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, MEGAN A. PHILBIN, and ROBERT CAMPBELL, Prosecuting Attorneys, for Appellee.