**[Cite as *State v. Williamson*, 2026-Ohio-2392.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31221 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DESEAN WILLIAMSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2023-03-1077-A |

DECISION AND JOURNAL ENTRY

Dated: June 24, 2026

FLAGG LANZINGER, Presiding Judge.

{¶1} Desean Williamson appeals from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} This is an appeal from a jury trial wherein the jury found Williamson guilty of two counts of murder and one count of felonious assault. Before addressing the underlying factual and procedural background, this Court will address the deficiencies in the record on appeal.

{¶3} The trial transcript in this case is 746 pages long, which is contained in four volumes. Williamson filed two sets of the four-volume trial transcripts—one on March 28, 2025, and one on April 2, 2025.

{¶4} On April 11, 2025, Williamson filed a "Motion to Strike the Rough Transcripts filed on March 28 2025 and Supplement with the Transcripts filed on April 2 2025[.]"

(Capitalization omitted.) This Court granted Williamson's motion via a Magistrate's Order on April 29, 2025.

{¶5} A review of the transcripts filed on April 2, 2025, indicates they are incomplete. Specifically, the second volume of the four-volume transcript omits pages 375-471. A review of the index indicates these missing pages contain testimony from seven witnesses. The State's brief on appeal identifies these deficiencies, yet Williamson made no effort to correct the appellate record. *See* App.R. 9. It was Williamson's obligation to supply a complete record on appeal. *State v. Cunningham*, 2024-Ohio-3090, ¶ 9 (9th Dist.), quoting *State v. Pappas*, 2021-Ohio-2915, ¶ 12 (9th Dist.) ("The obligation to provide all portions of the record necessary for appellate review always falls to the appellant."). This Court will limit its recitation of the evidence presented at trial—as well as our review of Williamson's assignments of error—to the record before this Court.

{¶6} The record before this Court indicates police responded to a shooting on July 25, 2021, in the Kenmore area. Upon arriving, police observed G.Z. deceased in the driver's seat of a vehicle that had struck a tree. The police observed bullet holes in the vehicle, one of which struck G.Z. The police identified Williamson as a suspect and later arrested him.

{¶7} A grand jury indicted Williamson on two counts of murder and one count of felonious assault, all with accompanying firearm specifications. Williamson pleaded not guilty and the matter proceeded to a jury trial. The jury found Williamson guilty of felonious assault and both counts of murder, but not guilty of the accompanying firearm specifications.

**{¶8}** The trial court merged Williamson's convictions for purposes of sentencing and sentenced him to life imprisonment with parole eligibility after 15 years. Williamson now appeals, raising eight assignments of error for this Court's review.[1]

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.**

**{¶9}** In his first assignment of error, Williamson asserts the trial court erred by denying his motion to dismiss based on a violation of his right to speedy trial. This Court rejects Williamson's assignment of error outright. App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "As this Court has stated, 'merely setting forth conclusory statements' does not satisfy an appellant's burden on appeal." *State v. Marshall*, 2025-Ohio-2283, ¶ 16 (9th Dist.), quoting *Pietrangelo v. Lorain Cty. Pr. & Pub. Co.*, 2017-Ohio-8783, ¶ 23 (9th Dist.). Additionally, this Court has repeatedly held it will not construct an argument on an appellant's behalf. *See Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998).

**{¶10}** Here, aside from citing the law regarding the right to a speedy trial, Williamson has failed to set forth any argument in support of his position. *See* App.R. 16(A)(7). Instead, Williamson summarily concludes his "speedy trial right was denied and violated." This Court will

---

[1] This Court notes Williamson's "Statement of Assignments of Error" contains nine assignments of error. The body of Williamson's merit brief, however, only contains eight assignments of error.

not address Williamson's undeveloped argument, nor will it create one on his behalf. Williamson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**GUILTY VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE[.]**

{¶11} In his second assignment of error, Williamson asserts the State failed to present sufficient evidence in support of his convictions. As noted, the record on appeal is incomplete; it omits the testimony of seven witnesses. Without a complete record, this Court is unable to review Williamson's challenge to the sufficiency of the evidence. *See Cunningham*, 2024-Ohio-3090, at ¶ 9 (9th Dist.).

{¶12} Even if the record on appeal was complete, this Court would overrule Williamson's assignment of error based on Williamson's failure to develop any argument in support of his position. *See* App.R. 16(A)(7). Williamson simply lists his convictions and recites the law regarding the sufficiency of the evidence without explaining how the State failed to present sufficient evidence in support of his convictions. This does not satisfy Williamson's burden on appeal. *See Marshall*, 2025-Ohio-2283, at ¶ 17 (9th Dist.), quoting *In re E.G.*, 2017-Ohio-2584, ¶ 27 (9th Dist.) ("[I]t is not the duty of this Court to scour the record for evidence and construct an argument on an appellant's behalf.").

{¶13} Williamson's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF TH EVIDENCE[.]**

{¶14} In his third assignment of error, Williamson asserts his convictions are against the manifest weight of the evidence because the jury reached inconsistent verdicts when it found him

guilty of felonious assault and both counts of murder, but not guilty of the accompanying firearm specifications. Setting aside Williamson's failure to provide citations to the record in support of his position, this Court is unable to reach the merits of Williamson's challenge to the manifest weight of the evidence because the record on appeal is incomplete. *See Cunningham*, 2024-Ohio-3090, at ¶ 9 (9th Dist.); App.R. 16(A)(7).

{¶15} Moreover, this Court has explained that "an acquittal of a specification 'will not undermine the guilty finding on the principal charge where the guilty finding on the principal charge is supported by the evidence.'" *State v. Davis*, 2013-Ohio-5226, ¶ 35 (9th Dist.), quoting *State v. Dearmitt*, 1997 WL 33290, *3 (9th Dist. Jan. 15, 1997); *see State v. Maldonado*, 2021-Ohio-1724, ¶ 48 (8th Dist.) (collecting cases and holding "a not guilty verdict on firearm specifications does not present a fatal inconsistency with a guilty verdict for the principal charge."). As explained in the preceding assignment of error, Williamson has not established the principal charges were not supported by the evidence. *See Davis* at ¶ 35. Consequently, Williamson's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

**WILLIAMSON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT[S] [SIC] OF THE UNITED STATES CONSTITUTION.**

{¶16} In his fourth assignment of error, Williamson asserts his trial counsel rendered ineffective assistance. For the following reasons, this Court overrules Williamson's fourth assignment of error.

{¶17} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62. To prevail on a claim of ineffective assistance of counsel, Williamson must establish: (1) that his counsel's performance was deficient to the extent that "counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, Williamson must show that there existed a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 2016-Ohio-8025, ¶ 138. "This Court need not address both prongs of *Strickland* if an appellant fails to prove either prong." *State v. Carter*, 2017-Ohio-8847, ¶ 27 (9th Dist.).

{¶18} In support of his assignment of error, Williamson argues his trial counsel rendered ineffective assistance because his counsel failed to: (1) adequately investigate the case, including failing to secure lay or expert witnesses who might challenge the State's evidence at trial; (2) adequately communicate with him during the pendency of the case; and (3) present any evidence at trial in support of the defense. For the following reasons, this Court rejects Williamson's arguments.

{¶19} To the extent Williamson argues his trial counsel failed to adequately investigate the case or secure witnesses for the defense, his argument requires this Court to speculate as to his counsel's investigation and the existence of witnesses who could have provided testimony favorable to the defense. As the Ohio Supreme Court has made clear, "mere speculation . . . is insufficient to establish ineffective assistance." *State v. Short*, 2011-Ohio-3641, ¶ 119, quoting *State v. Perez*, 2009-Ohio-6179, ¶ 217; *see State v. Nagorka*, 2026-Ohio-702, ¶ 33 (9th Dist.).

{¶20} Regarding his counsel's alleged failure to communicate with him, Williamson claims his counsel had almost no contact with him, did not review discovery with him, and did not discuss trial strategy with him, among other claims. Williamson's argument in this regard relies

on information outside the record on appeal, which an appellant cannot use to support a claim of ineffective assistance of counsel on direct appeal. *See State v. Zeber*, 2017-Ohio-8987, ¶ 8 (9th Dist.).

{¶21} Lastly, regarding Williamson's argument as to his counsel's decision to not present witnesses, "[d]ecisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics[] and absent a showing of prejudice, the failure to call witnesses will not be deemed erroneous." (Internal quotations omitted.) *State v. Spaulding*, 2018-Ohio-3663, ¶ 25 (9th Dist.), quoting *City of Elyria v. Bozman*, 2002-Ohio-2644, ¶ 17 (9th Dist.). Given the lack of a complete record on appeal, this Court is unable to determine whether Williamson suffered prejudice as a result of his trial counsel's decision to not call witnesses for the defense.

{¶22} In light of the foregoing, Williamson's fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR V

**WILLIAMSON DENIED THE RIGHT TO A FAIR TRIAL AND FAIR CONSIDERATION OF THE APPROPRIATENESS OF [SIC] IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 VIA THE CUMULATIVE ERROR DOCTRINE.**

{¶23} In his fifth assignment of error, Williamson asserts he was deprived of his right to a fair trial under the doctrine of cumulative error. Aside from citing the law regarding the doctrine of cumulative error, Williamson has failed to develop any argument is support of his assignment of error. *See* App.R. 16(A)(7). Instead, Williamson summarily concludes the "accumulation of errors over the course of the investigation and trial proceedings deprived Williamson of his right to counsel, freedom from cruel and unusual punishment, a fair trial, and due process." This Court declines to address Williamson's undeveloped argument. *See Marshall*, 2025-Ohio-2283, at ¶ 55 (9th Dist.).

**ASSIGNMENT OF ERROR VI**

**THE STATE'S USE OF CAUSE CHALLENGES AND THE COURT'S SUBSEQUENT RULING TO EXCUSE TWO PROSPECTIVE AFRICAN-AMERICAN JURORS FOR CAUSE VIOLATES AN AFRICAN AMERICAN DEFENDANT'S RIGHT TO EQUAL PROTECTION OF THE LAW UNDER *BATSON V. KENTUCKY*, 476 U.S. 79 (1986).**

{¶24} In his sixth assignment of error, Williamson asserts the trial court's dismissal of two African American prospective jurors violated *Batson v. Kentucky*, 476 U.S. 79 (1986). This Court rejects Williamson's assignment of error outright. The record reflects the trial court removed two African American prospective jurors for cause because "they both said they could not find the defendant guilty." As the Ohio Supreme Court has made clear, "*Batson* applies only to prospective jurors removed by peremptory challenge." *State v. Adams*, 2015-Ohio-3954, ¶ 158; *accord State v. White*, 2010-Ohio-2865, ¶ 11 (9th Dist.) ("*Batson* involved preemptory challenges, not removal for cause."). Because the trial court removed the prospective jurors in this case for cause, Williamson's argument fails on its premise.

{¶25} Williamson's sixth assignment of error is overruled.

**ASSIGNMENT OF ERROR VII**

**THE TRIAL COURT IMPROPERLY ALLOWED IN AS EXHIBITS OVER DEFENSE OBJECTIONS, THREE TEXTS TR. 664, 665, EXHIBIT 108, TEXT MESSAGES BETWEEN VICTIM AND ANTHONY OWENS, AND AS EXHIBIT 110, TEXT MESSAGE BETWEEN VICTIM AND DUSTIN ROSS, NEITHER IN WHICH WILLIAMSON WAS NEVER MENTIONED IN THE TEXTS AND IS IMPROPERLY ADMISSIBLE HEARSAY AS NEITHER ANTHONY OWENS NO[R] DUSTIN ROSS TESTIFIED AND NO HEARSAY OBJECTION [SIC] EXISTS.**

{¶26} In his seventh assignment of error, Williamson asserts the trial court erred by admitting certain exhibits. Aside from citing law regarding the abuse-of-discretion standard, Williamson has failed to develop any argument in support of his position. *See* App.R. 16(A)(7).

This Court declines to address Williamson's undeveloped argument. *See Marshall*, 2025-Ohio-2283, at ¶ 55 (9th Dist.).

## ASSIGNMENT OF ERROR VIII

**THE TRIAL COURT IMPROPERLY INSTRUCTED THE JURY UPON JURY QUESTION WHEN IT DID NOT PROVIDE THE PROPER ALLEN INSTRUCTION UPON QUESTION BY THE COURT[.]**

**{¶27}** In his eighth assignment of error, Williamson asserts the trial court improperly responded to two questions the jury asked during deliberations. Williamson acknowledges his trial counsel agreed to the trial court's responses to the jury's questions at trial, which limits this Court's review to plain error. *See* Crim.R. 52(B); *State v. Thiel*, 2017-Ohio-242, ¶ 162 (3d Dist.) ("[Appellant] did not object to the trial court's answer to the jury's . . . question at trial, and therefore, he has [forfeited] all but plain error."); *see State v. Payne*, 2007-Ohio-4642, ¶ 23 (explaining the difference between waiver and forfeiture). Williamson has not set forth a plain error argument in his merit brief, and this Court will not construct one on his behalf. *State v. Piatt*, 2020-Ohio-1177, ¶ 20 (9th Dist.) ("[W]e have repeatedly held that we will not construct a plain error argument on an appellant's behalf."). Accordingly, Williamson's eighth assignment of error is overruled.

## II.

**{¶28}** Williamson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JILL FLAGG LANZINGER
FOR THE COURT


HENSAL, J.
SUTTON, J.
CONCUR.


APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.